IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kimbrell Lamark Dandy, | ) | Civil Action No.: 6:17-331-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Kimbrell Lamark Dandy's ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a reply to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## **BACKGROUND**

Plaintiff filed for disability insurance benefits on October 23, 2009, alleging disability beginning on October 1, 2009. His application was denied initially and upon

reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on December 1, 2011, at which Plaintiff, who was represented by counsel, appeared and testified. The ALJ also heard testimony from vocational expert ("VE") Karl S. Weldon via video. The ALJ issued a decision dated February 24, 2012, denying Plaintiff's claim. Plaintiff requested review of his decision, and on March 28, 2013, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

Plaintiff filed an action for judicial review, and on September 25, 2014, the Honorable R. Bryan Harwell remanded the case for a more thorough explanation of the weight given to Plaintiff's treating physician's opinion. Upon remand, hearings were held before the ALJ on April 7, 2015, and November 6, 2015. Plaintiff and VE Robert Brabham, Jr. testified at the April 2015 hearing, and at the November 2015 hearing, impartial medical experts Henry Maimon, M.D., and Arthur Brovender, M.D., appeared and testified. Another VE, Benson Hecker, Ph.D., also testified at the second hearing. but the ALJ again found Plaintiff was not disabled on December 9, 2015. On December 19, 2016, the Appeals Council found no reason to assume jurisdiction, making the ALJ's finding the final decision of the Commissioner of Social Security. Plaintiff filed this action seeking judicial review of the Commissioner's final decision on February 3, 2017.

Plaintiff was 38 years old on his alleged onset date of October 1, 2009, and 42 years old on his date last insured–December 31, 2013. Plaintiff has a GED and has past relevant work as a material handler, forklift operator, assembler, and wire harness assembler.

## STANDARDS OF REVIEW

## I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court conducts a *de novo* review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.* If a party fails to file any specific objections, this Court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to

justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

### I. **The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of October 1, 2009, through his date last insured of December 31, 2013. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spines; degenerative joint disease of right shoulder and knees; obesity; chronic pain syndrome; mood disorder; and anxiety-related disorder. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations: he can lift up to 15 pounds occasionally and caould stand or walk for up to two hours in an eight-hour workday and sit for up to six hours in an eight-hour workday with normal breaks, but could exercise a sit/stand option; he could not be off task for more than five percent of the work period or more than three minutes in an hour; he could not be away from the workstation and could still attend to work tasks; he could sit at any one time for up

5

to 45 minutes and stand and/or walk at any one time for up to 30 minute segments; he could occasionally use the right upper extremity for pushing or pulling; he could occasionally use the right lower extremity for operation of foot controls and frequently use the left lower extremity for operation of foot controls; he could not climb ladders/ropes/scaffolds and could occasionally climb ramps or stairs with no more than four steps at one time with the assistance of a single handrail; he could balance frequently, could occasionally stoop and could not crouch, kneel, or crawl; he was limited to frequent overhead reaching with the left upper extremity and occasional overhead reaching with the right upper extremity; he had to avoid concentrated exposure to extreme cold, excessive vibration, and exposure to fumes, odors, dust, gases, chemicals, poorly ventilated areas and hazards such as unprotected heights and use of moving machinery; he was limited to simple, routine, repetitive tasks in a work environment free of fast-paced production requirements with simple work-related decisions and few if any changes in the workplace and if so, they should be introduced gradually. The ALJ found that Plaintiff was unable to perform his past relevant work, but that, considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could perform. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date through the date of the decision.

## II. The Court's Review

As previously mentioned, Plaintiff filed this action seeking judicial review on February 3, 2017. Plaintiff asserts the following allegations of error: (1) substantial evidence does not support the ALJ's credibility determination; (2) the ALJ erred in over-assessing Plaintiff's RFC; (3) the ALJ failed to consider or discuss the vocational consequences of

pain on Plaintiff; (4) the ALJ erred in rejecting the opinions of Plaintiff's treating physicians in favor of a non-examining physician; (5) the ALJ deprived Plaintiff of due process by limiting counsel's ability to cross-examine the medical consultants; and (6) the ALJ ignored the opinion of the State agency non-examining physician and failed to provide any reasons for rejecting this evidence.

In his Report, the Magistrate Judge outlined the evidence and examined Plaintiff's claims but ultimately found no merit to those claims. Instead, the Magistrate Judge determined that the ALJ's decision was well-reasoned and well-explained and was based upon substantial evidence and free of legal error. Therefore, the Magistrate Judge recommended that the Court affirm the Commissioner's final decision denying benefits.

Plaintiff filed "objections" to the Magistrate Judge's Report; however, a review of the pleading indicates that Plaintiff has not specifically objected to any portion of the Magistrate Judge's Report. Rather, Plaintiff's objections are nothing more than a regurgitation of his previously filed reply brief, with entire pages simply copied directly from that filing.[1] (*See* ECF No. 21.) In fact, the only differences between Plaintiff's reply brief and his objections are the inclusion of two opening sentences indicating that Plaintiff is submitting objections to the Magistrate Judge's Report; his addition of sentences at the end of each of section to the effect of: "[t]he Magistrate Judge improperly affirmed," or "the Magistrate Judge's affirmance should be rejected by this Court"; and a conclusion asking the Court to

---

[1] The Court also notes that most of Plaintiff's reply brief appeared verbatim in his initial brief. In other words, it appears that Plaintiff simply cut and pasted portions of his initial brief to create his reply brief, and then cut and pasted his reply brief to create objections. (*Cf.* ECF Nos. 16 and 21.)

reject the Magistrate Judge's Report.[2] (*Cf.* ECF Nos. 21 and 27.)

The United States District Court for the Western District of Virginia once reviewed objections to a Magistrate Judge's Report that were copied directly from prior pleadings and determined that this practice does not constitute the submission of specific, written objections and does not entitle a plaintiff to *de novo* review. Specifically, in *Veney v. Astrue*, the court stated:

> A general objection such as that offered by Plaintiff fails to satisfy the requirements of Rule 72(b) and 28 U.S.C. § 636(b)(1)(C). *See United States v. Midgette*, 478 F.3d 616, 621-22 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized . . . ."); *Page v. Lee*, 337 F.3d 411, 416 n. 3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court. . . ."). Accordingly, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Hyatt v. Town of Lake Lure*, 314 F. Supp. 2d 562, 580 (W.D.N.C. 2003).

539 F. Supp. 2d 841, 845 (W.D.Va. 2008); *see also Hobek v. Boeing Company*, 2017 WL 3085856, *2 (D.S.C. July 20, 2017) (quoting the same). In *Veney*, the plaintiff's objections were "an almost verbatim copy of the 'Argument' section" of the plaintiff's brief. 539 F. Supp. 2d at 844. The court in *Veney* explained:

> No arguments have been added, none deleted. Indeed, the few alterations appear limited to the deletion of headings, the substitution of the word "Plaintiff" for "Veney," and the correction of one or two typographical errors. Plaintiff has also inserted the words "and the Recommendation of the Magistrate Judge" into the first and last sentences, both of which merely

---

[2] It also appears that Plaintiff added one sentence related to Dr. Littlefield and altered one sentence related to Dr. Kooistra on page 6 of his objections. (*Cf.* ECF No. 21 at 5-6 and ECF No. 27 at 6.)

> make the conclusory assertion that "the decision of the ALJ and the Recommendation of the Magistrate Judge are not supported by substantial evidence." [ ] Moreover, these two sentences, together with the caption, constitute the sole references in Plaintiff's "objections" to even the existence, much less the substance, of [the] Report. In short, unsatisfied by the findings and recommendations in the Report, Plaintiff has simply ignored it, attempting instead to seek re-argument and reconsideration of her entire case in the guise of objecting.

*Id.* Such is the case here, and the Court agrees with the court in *Veney* that allowing a litigant to seek *de novo* review of a case under these circumstances makes reference to a Magistrate Judge useless. *See Veney*, 539 F. Supp. 2d at 845 (quoting *Howard*, 932 F.2d at 509) ("'The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.'"). As the Fourth Circuit explained in *Midgette*:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

478 F.3d at 22.

Here, because the Court finds that Plaintiff has failed to make any specific objection to any portion of the Magistrate Judge's Report, "Plaintiff will not be given the second bite of the apple [he] seeks." *Veney*, 539 F. Supp. 2d at 846. Thus, Plaintiff is not entitled to *de novo* review, and the Court simply must satisfy itself that the Magistrate Judge has made no clear error on the face of the record. *See also Holbrooks v. Colvin*, 2015 WL

9

5562736, *2 (D.S.C. Sept. 21, 2015) (reviewing a Magistrate Judge's Report for clear error where the plaintiff made general and conclusory objections). After review, the Court has no difficulty in finding that the Magistrate Judge's thorough and extremely well-reasoned, 54-page Report is void of clear error. Accordingly, the Court adopts the Magistrate Judge's Report in full and affirms the Commissioner's final decision denying benefits.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law when he determined that Plaintiff failed to show that the Commissioner's decision was not supported by substantial evidence or that it was reached through application of an incorrect legal standard. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 26) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 27) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

September 26, 2018
Charleston, South Carolina